# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2012

Lyle W. Cayce
Clerk

No. 12-10195
Summary Calendar

CLINTON JOHNS; JAMES GREEN, JR.,

Plaintiffs-Appellants

v.

LOREN JACKSON; BRENDA MCNEIL,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:11-MC-6

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Clinton Johns, Texas prisoner # 764814, and James Green, Jr., Texas prisoner # 742401, move individually for leave to proceed in forma pauperis (IFP) on appeal from the district court's closure of their case based upon a want of jurisdiction. Johns and Green collectively argue that the district court erred in finding that it did not have admiralty jurisdiction over the claims raised in their complaint, that the district court erred in finding that venue for their action was not proper in the Northern District of Texas, that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in failing to issue summonses to the defendants, and that their claims were not frivolous.

By moving for leave to proceed IFP on appeal, Johns and Green are challenging the district court's certification that their appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into their good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If we uphold the district court's certification that the appeal is not taken in good faith, the appellants must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.2; 5TH CIR. R. 42.2.

Johns's and Green's complaint invoked the district court's admiralty and maritime jurisdiction over their claims against the defendants for the defendants' alleged mishandling of their state habeas filings. The district court found their claims to jurisdiction were frivolous and closed the case for want of jurisdiction.

Johns and Green have not demonstrated that they will raise a nonfrivolous issue on appeal concerning the district court's finding of a want of jurisdiction. As Johns and Green have not demonstrated that they will raise a nonfrivolous issue concerning the district court's finding of a want of jurisdiction, we need not address their remaining arguments concerning proper venue for the matter or the propriety of any summons issued in the matter. The appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Johns's and Green's motions for leave to proceed IFP on appeal are DENIED, and their appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.

1996).   Johns and Green are warned that if either one of them individually accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.